Citation Nr: 1523828 
Decision Date: 06/04/15 Archive Date: 06/16/15

DOCKET NO. 13-23 457 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to a rating in excess of 20 percent for service-connected degenerative arthritis of the lumbar spine, status post fusion surgery, with scar.

2. Entitlement to a rating in excess of 20 percent for service-connected degenerative changes of the cervical spine.

3. Entitlement to a total disability rating based on individual unemployability due to service connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Timothy M. White, Esq.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from March 1982 to September 1989. These matters are before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision of the Muskogee, Oklahoma Department of Veteran Affairs (VA) Regional Office (RO) that continued a 20 percent rating for degenerative arthritis of the lumbar spine, status post fusion surgery, with scar and a 10 percent rating for degenerative changes of the cervical spine. In December 2013, a videoconference hearing was held before the undersigned; a transcript of the hearing is associated with the record.

At the December 2013 hearing, the veteran alleged that he is currently unemployable due to his service connected neck and back disabilities on appeal. Therefore, the Board finds that the matter of entitlement to a TDIU rating has been implicitly raised by the record, and is therefore part and parcel of the present appeal. See Rice v. Shinseki, 22 Vet. App. 447, 455 (2009).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board notes that, although the record includes a copy of the Veteran's Social Security Administration (SSA) claim decision from October 2010, it does not appear that copies of the medical evidence, functional capacity evaluations, and other substantive evidence upon which such decision was made has been associated with the record. As such records are constructively of record and directly pertinent to the present appeal, they must be secured.

The Veteran's most recent VA examinations in conjunction with the present appeal were conducted in February 2013. At the December 2013 videoconference hearing, the Veteran expressly alleged that the disabilities on appeal, particularly with respect to his degenerative arthritis of the lumbar spine, status post fusion surgery, with scar, had worsened. He also alleged specific symptoms which reflect a more severe disability picture than described in the February 2013 examination reports. Specifically, he reported that he developed radiating pain and numbness in his lower extremities, increased weakness in his leg which has caused him to collapse and lose consciousness at times, greater functional impairment (e.g., he is unable to perform household chores or put on his socks and shoes, or sit, stand, walk, or drive for prolonged periods of time), and that he began using a cane since the February 2013 examinations. In addition, he also reported experiencing limitation of motion in his neck due to pain, and constant stiffness on either side of his neck. None of these alleged problems were noted on the most recent examination. Moreover, the Veteran also indicated that he was on narcotics for pain management in February 2013, and that such medication has since been discontinued, resulting in greater pain, discomfort, and limitation of motion and function. 

Furthermore, the Veteran now alleges that he is unable to obtain or pursue substantially gainful employment due to his neck and back disabilities. The record shows that he previously worked as a truck driver until around 2007 or 2008, when he had to stop due to a work-related injury. While the record contains work capacity assessments, they are over a decade old, and predate the discontinuation of employment in 2007. In light of the above, and considering that over two years have passed since the last examination, the Board finds that a contemporaneous examination is warranted.

Accordingly, the case is REMANDED for the following action:

1. Please provide the Veteran with a TDIU application form for his completion, and provide him with appropriate notice under the Veteran's Claims Assistance Act of 2000 (VCAA) for a TDIU claim. The Veteran and his representative should have an opportunity to respond. Then, complete any further development deemed indicated by responses received.

2. Please obtain updated copies of all records of VA evaluations or treatment the Veteran has received for his degenerative arthritis of the lumbar spine, status post fusion surgery, with scar, or degenerative changes of the cervical spine. 

3. Please obtain all medical records relied upon in the October 2010 SSA decision regarding the Veteran's claim for Social Security disability benefits.

4. Then, please arrange for an appropriate examination and medical opinion to determine the current severity of his degenerative arthritis of the lumbar spine, status post fusion surgery with scar, and his degenerative changes of the cervical spine and his functional impairment. Based on a review of the record, examination of the Veteran, and any tests or studies deemed necessary, the examiner should:

a. Determine the current severity of his degenerative arthritis of the lumbar spine, status post fusion surgery with scar, and his degenerative changes of the cervical spine. Please identify all pertinent orthopedic and neurologic findings and features of the Veteran's disabilities; and
b. Please opine as to the Veteran's functional impairment due to the degenerative arthritis of the lumbar spine, status post fusion surgery with scar ; and
c. Please opine as to the Veteran's functional impairment due to his degenerative changes of the cervical spine. 

In proffering these opinions, the examiner should review the claims file and address the Veteran's functional limitations due to his service-connected disabilities as they may relate to his ability to function in a work setting and to perform work tasks such as walking, standing, and sedentary tasks. The examiner is advised of the Veteran's level of education (G.E.D. and some college) and previous work experience (as a truck driver). His age or any impairment caused by nonservice-connected disabilities should not be considered. 

All opinions must include a complete rationale.

5. The AOJ should then review the record and readjudicate the claims. If any claim remains denied, the AOJ should issue an appropriate supplemental statement of the case and afford the Veteran and his representative an opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).